UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF RICHMOND
Richmond Division

EILEEN DOLSON,

        Plaintiff,

v.                                      CIVIL ACTION NO. **3:21cv140**

NEWREZ LLC dba SHELLPOINT MORTGAGE SERVICING

        Defendants.

## COMPLAINT

COMES NOW, Eileen Dolson, Plaintiff, ("Ms. Dolson" or "Plaintiff") by counsel, and for her Complaint against Defendant NewRez LLC dba Shellpoint Mortgage Servicing ("Shellpoint"), she states as follows:

### INTRODUCTION

1. This case arises from Defendant's violation of federal law by failing to provide Ms. Dolson with key information about her mortgage upon her request, failing to correct errors with the servicing of her mortgage, and failure to properly credit her payments to her mortgage loan. Here, Defendant's failure to abide by federal law caused Ms. Dolson confusion, anxiety, distress, and lost time and effort due to Defendant's violations of Ms. Dolson's statutory rights.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to the Real Estate Services Procedure Act (RESPA), 12 U.S.C. § 2614, the Truth in Lending Act (TILA), 15 U.S.C. § 1640(e); and 28 U.S.C. § 1331.

3. This Court has venue over this action because the transactions occurred in this District and Division. Ms. Dolson is a resident of this District and Division.

## PARTIES

4. Ms. Dolson is an individual consumer and lives in Keysville, Virginia.

5. Shellpoint is a foreign limited liability company, formed in Delaware. Shellpoint's registered agent in Virginia is listed as Corporation Service Company, 100 Shockoe Slip, Fl. 2, Richmond, VA 23219-4100.

## FACTS

6. Many years ago, Ms. Dolson purchased the property at 1433 Patrick Henry Highway, Keysville, Virginia 23947 (the "House") for her principal dwelling.

7. When Ms. Dolson purchased the House, she obtained a loan to finance the purchase of the House.

8. On or around September 27, 2004, Ms. Dolson refinanced the original loan and obtained the current loan (the "Loan") on the House.

9. Prior to June 2019, the servicer of the Loan was RKL Financial.

10. On or around May 13, 2019, Ms. Dolson received a statement from the servicer of the Loan that informed her that she was several months ahead on her payments on the Loan.

11. Up that time, Ms. Dolson had been very diligent about making each monthly payment on time for the Loan or ahead of time and that is why she was ahead in her payments.

12. On or around June 14, 2019, Shellpoint became the Servicer for Loan.

13. On or around July 6, 2019, Ms. Dolson received a monthly statement from Shellpoint stating that she owed $932.94 on the Loan for "Past Unpaid Payment."

14. This statement was incorrect as Ms. Dolson did not owe any unpaid amount on the Loan.

15. Ms. Dolson did not make payments to the Loan in July or August, since she was a couple months ahead on her mortgage.

16. Ms. Dolson resumed her monthly payments on the Loan in September 2019.

17. Ms. Dolson continued to make payments each month on the Loan.

18. In or around November 2019, Ms. Dolson sent a dispute to Shellpoint, pointing out the issue regarding the erroneous amount that Shellpoint said was past due on the Loan.

19. On or around November 1, 2019, Shellpoint responded to Ms. Dolson's dispute stating that it was "unable to determine that an error occurred."

20. On or around March 5, 2020, Shellpoint notified Ms. Dolson that the Loan had been sold to Mill City.

21. On or around April 8, 2020, Ms. Dolson, through her attorney, sent another dispute letter to Shellpoint, in which she requested that Shellpoint correct the amount listed as past due on the Loan, explain the $930 charge from the June 19, 2019 statement, and provide a complete account history.

22. Shellpoint received this letter on or around April 15, 2020.

23. On or around April 20, 2020, Ms. Dolson sent her regular monthly payment in the amount of $307.56 to Shellpoint for the Loan.

24. On or around May 10, 2020, Shellpoint sent Ms. Dolson her monthly statement for the Loan, this time stating that Ms. Dolson now owed $1,239.62 in overdue payments.

25. On or around September 11, 2020, having not received any response to her April 8, 2020 letter, Ms. Dolson, through her attorney, resent a copy of the April 8, 2020 letter to Shellpoint.

26. On or around October 5, 2020, Ms. Dolson received a letter from Shellpoint stating that Shellpoint had received her April letter and requested additional time to respond.

27. On or around October 7, 2020, Shellpoint sent its response to Ms. Dolson's April 8, 2020 letter.

28. In this letter, Shellpoint acknowledged that Ms. Dolson disputed the $930 charge.

29. Also in this letter, Shellpoint stated that this unpaid amount was a valid charge that resulted from inspection fees of $380, legal fees of $100, and an appraisal fee of $450.

30. Shellpoint also stated that these fees originated from the prior servicer of the mortgage.

31. Shellpoint had no documents to support these fees.

32. Attached to this letter was a loan history statement that indicated Ms. Dolson made a payment of $7,826.50 on July 23, 2013, and another payment $6,903.82 on $6,903.82 on August 28, 2013 and that both payments were applied to escrow on the mortgage.

33. Around this same time the loan history has multiple entries that indicate money came out of an escrow account.

34. Ms. Dolson did not have an escrow account on the mortgage.

35. The entries regarding escrow on Ms. Dolson's account do not make sense.

36. On or around October 30, 2020, Ms. Dolson, through her attorney, sent another letter to Shellpoint requesting documentation regarding the fees that Shellpoint referenced in its October 7, 2020 letter, as well as a copy of the contract agreement referenced in that letter.

37. To date, neither Ms. Dolson nor her attorney has received a substantive response to the October 30, 2020 dispute letter.

**COUNT ONE:**
**Failure to Properly Respond to Notice of Error and Request for Information**
**12 U.S.C. § 2605(e), 12 CFR § 1024.35, 1024.36**

38. Ms. Dolson realleges and incorporates all other factual allegations set forth in this Complaint.

39. The Loan is a federally related mortgage loan. 12 U.S.C. § 2602(1).

40. Shellpoint is a servicer. 12 U.S.C. § 2605(i)(2).

41. Ms. Dolson's November 2019 letter was a Qualified Written Request sent to Shellpoint. 12 U.S.C. § 2605(e)(1).

42. Ms. Dolson's April 2020 was both a Notice of Error and a Request for Information, and was a Qualified Written Request. 12 U.S.C. § 2605(e)(1).

43. Shellpoint failed to properly respond to the November 2020 letter and make appropriate corrections to the Loan, thus violating RESPA. 12 U.S.C. § 2605(e).

44. Shellpoint also failed to properly respond to the April 2020 letter and make appropriate corrections to the Loan, thus violating RESPA. 12 U.S.C. § 2605(e).

45. Shellpoint also failed to properly respond to the October 2020 letter and make appropriate corrections to the Loan, thus violating RESPA. 12 U.S.C. § 2605(e).

46. Based on information and belief, Shellpoint's failures to abide by federal law are part of a pattern or practice of noncompliance with the § 2605 of RESPA.

47. As a result of Shellpoint's failures to abide by federal law, Ms. Dolson has suffered anxiety, confusion, and other emotional distress as she has been worried about the mounting amount erroneously stated as past due on the Mortgage, and her account has not been corrected.

48. Ms. Dolson has also lost time as a result of trying to correct the issue with erroneous amount listed on the Mortgage.

49. Defendant is liable to Ms. Dolson for her actual damages and statutory damages up to $2,000, as well as costs as attorney's fees. 12 U.S.C. § 2605(f).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court to enter judgment for actual and statutory damages as pled, attorneys' fees and costs, pre-judgment and post-judgment interest to Plaintiff, and such other relief as the Court deems just and appropriate.

## TRIAL BY JURY IS DEMANDED

Respectfully Submitted,

**EILEEN DOLSON,**

By: /s/ *Kevin Dillon*

Kevin A. Dillon (VSB # 93475)
Amy Austin (VSB # 46579)
CONSUMER LITIGATION ASSOCIATES, PC
626 E. Broad Street, Suite 300
Richmond, VA 23219
Telephone: 804-905-9904
Facsimile: 804-905-9902
Email: kevin@clalegal.com
Email: amyaustin@clalegal.com

Thomas D. Domonoske (VSB # 35434)
CONSUMER LITIGATION ASSOCIATES, PC
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
Telephone: (540) 442-7706
Facsimile: (757) 930-3662
E-mail: tom@clalegal.com

*Counsel for Plaintiff*